# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### GREENVILLE DIVISION

| | | |
|---|---|---|
| Platinum Hail & Dent Company, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.:** _____ |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Ultimate Hail & Dent Company, | ) | |
| | ) | **(Jury Trial Demanded)** |
| **Defendant.** | ) | |
| _____ | ) | |

Platinum Hail & Dent Company ("Plaintiff"), complaining of Ultimate Hail & Dent Company ("Defendant"), alleges the following:

## THE PARTIES

1.      Plaintiff is South Carolina corporation having an address of 150 River Trace Lane, Honea Path, SC 29654.

2.      Defendant is a corporation organized under the laws of one of the United States other than South Carolina, which has an address of 301 S Eagle Ln Oklahoma City, OK 73128.

## JURISDICTION

3.      This action arises under the Lanham Act pursuant to 15 U.S.C. §§ 1051 et seq. as well as the Copyright Act pursuant to 17 U.S.C. §§ 101 et seq.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338.

4.      The state and common law causes of action are properly before this Court pursuant to 28 U.S.C. §§ 1338(b) and 1367.

5.      Venue is proper under 28 U.S.C. § 1391(b), as the parties reside in this District and Division; and at least some of the acts committed by Defendant that serve as the grounds for this complaint occurred within this District and Division.

## FACTS COMMON TO ALL CAUSES OF ACTION

6.    Plaintiff is the owner of U.S. Trademark Registration No. 4,674,860 for the mark PLATINUM HAIL & DENT and accompanying design for "repair of automobiles, namely, repairing damage from hail and other dents" (the "Mark").

7.    A true and correct copy of Plaintiff's registration for the Mark is attached as Exhibit A.

8.    Plaintiff has used its Mark in association with its hail damage repair services since at least as early as May 1, 2014.

9.    Plaintiff has used its Mark to provide and advertise its hail damage repair services throughout the United States.

10.    One way in which Plaintiff uses the Mark to provide and advertise its services, is through its website, www.platinumhail.com ("Plaintiff's Website").

11.    A true and correct copy of the home page of Plaintiff's Website is attached as Exhibit B.

12.    Through Plaintiff's use of the Mark, consumers have come to recognize the Mark as indicating Plaintiff as the source of its services.

13.    Through its use of the Mark, Plaintiff has developed substantial common law rights to the Mark.

14.    Through its use and registration of the Mark, Plaintiff has developed substantial statutory rights to the Mark.

15.    Mr. Manfred Jackson, the owner of Defendant, was previously employed by Plaintiff.

16.    Plaintiff provided Mr. Jackson with all of the tools and office space necessary to carry out his duties while employed by Plaintiff.

17.   During his employment, Mr. Jackson was exposed to much of Plaintiff's confidential information regarding its business methods, marketing plans, actual customers and potential and/or target customers.

18.   During the scope of his employment, Mr. Jackson prepared Plaintiff's Website, including the source code, object code and the associated graphics and literature.

19.   Plaintiff had the right to and in fact did assign Mr. Jackson additional duties and projects during his employment.

20.   It was contemplated that Mr. Jackson would become a partner in the business and would help run the day to day operations of Plaintiff.

21.   Plaintiff is the "author" of the website as defined by the Copyright Act.

22.   Plaintiff is the owner of all rights and title to Plaintiff's website, including the graphics, literature, source and/or object code associated with Plaintiff's Website.

23.   Mr. Jackson resigned from Plaintiff's employment shortly after learning Plaintiff's confidential information and creating Plaintiff's Website.

24.   Shortly after Mr. Jackson ceased working for Plaintiff, he created Defendant and began providing the same services that Plaintiff provides in substantially the same manner in which Plaintiff provides its services.

25.   Defendant began and continues to use a confusingly similar variation of Plaintiff's Mark to advertise and provide services that are identical to Plaintiff's services.

26.   Specifically, Defendant is using the mark ULTIMATE HAIL and accompanying design for hail damage repair services (the "Infringing Mark").

27.   Defendant created the domain www.ultimatehail.com and associated website on August 29, 2014 ("Defendant's Website").

28.    A true and correct the home page of Defendant's Website is attached as Exhibit C.

29.    Defendant uses the Infringing Mark on Defendant's Website to advertise and provide its services in competition with Plaintiff.

30.    Defendant uses the Infringing Mark to advertise its services in the same market that Plaintiff provides its services.

31.    Defendant's advertising, which includes use of the Infringing Mark, targets the same or similar customers as those targeted by Plaintiff.

32.    Defendant is using the Infringing Mark to advertise its services to the same customers to whom Plaintiff markets and provides its services.

33.    Defendant uses the same channels of trade and facilities to provide and advertise its services as the channels of trade and facilities used by Plaintiff.

34.    Defendant knew of Plaintiff's use of the Mark when Defendant adopted the Infringing Mark.

35.    The Infringing Mark and Plaintiff's Mark are substantially similar to one another.

36.    The Infringing Mark uses a wing design

37.    Plaintiff's first use of the Mark predates Defendant's use of the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

38.    Plaintiff's rights to the Mark are superior to any rights that Defendant may claim in the Infringing Mark.

39.    Plaintiff has demanded that Defendant cease using the Infringing Mark or any confusingly similar variation thereof.

40.    Despite Plaintiff's demands, Defendant continues to use the Infringing Mark to advertise its services.

41.    Shortly after resigning from Plaintiff's employment, Defendant created Defendant's Website.

42.    Defendant has been publicly displaying Defendant's Website in its efforts to advertise and provide its services.

43.    Defendant designed Defendant's Website to emulate Plaintiff's Website.

44.    Defendant incorporated many elements from Plaintiff's Website into Defendant's Website.

45.    Both Defendant's Website and Plaintiff's Website includes seven tabs located just below the parties' respective marks that are entitled "Home," "About Us," "Contact," "Location," "Our Process," "Questions" and "Testimonials." *See* Exhibits B & C.

46.    The testimonials included on the testimonials page of Defendant's Website are identical to the testimonials on the testimonials page of Plaintiff's Website.

47.    A true and correct copy of the testimonials page of Defendant's Website is attached as Exhibit D.

48.    A true and correct copy of the testimonials page of Plaintiff's Website is attached as Exhibit E.

49.    The questions included on the questions page of Defendant's Website are identical to the questions on the questions page of Plaintiff's Website.

50.    The answers to the questions appearing on the questions page of Defendant's Website are identical to the answers to the questions on the questions page of Plaintiff's Website.

51.    A true and correct copy of the questions page of Defendant's Website is attached as Exhibit F.

52.    A true and correct copy of the questions page of Plaintiff's Website is attached as Exhibit G.

53.    The questions on the parties' respective questions pages appear in the same order.

54.    The answers to the questions on the parties' respective questions pages appear in the same order.

55.    Both parties have capitalized SELL MY CAR appearing in the fourth question on the parties' respective questions pages.

56.    The explanation of steps appearing on the our process page of Defendant's Website is substantially identical to the explanation of steps appearing on the our process page of Plaintiff's Website.

57.    A true and correct copy of the our process page of Defendant's Website is attached as Exhibit H.

58.    A true and correct copy of the our process page of Plaintiff's Website is attached as Exhibit I.

59.    The first step described in both of the parties' respective our process page is "Two short minutes of paperwork at your home authorizing us to repair your vehicle."

60.    Both parties' respective our process page describes this first step as follows: "If you haven't filed the claim, don't worry we handle the entire process."

61.    The second step described in both of the parties' respective our process page is "We hand you the keys to a free rental car."

62.    Both parties' respective our process page describes this second step as follows: "If you do not have rental coverage, don't worry we pay for it."

63. The third step described in both of the parties' respective our process page is "We call you when your vehicle is repaired."

64. Both parties' respective our process page describes this third step as follows: "Your adjuster comes out to our shop for authorization and we repair it."

65. The paragraph appearing on the about page of Defendant's Website is substantially similar to the paragraph appearing on the about page of Plaintiff's Website.

66. A true and correct copy of the about page of Defendant's Website is attached as Exhibit J.

67. A true and correct copy of the about page of Plaintiff's Website is attached as Exhibit J.

68. The paragraph appearing on the about page of Defendant's Website was derived from the paragraph appearing on the about page of Plaintiff's Website.

### FIRST CAUSE OF ACTION
### Infringement Of A Registered Mark
### (15 U.S.C. §1114)

69. To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-65 as if fully repeated herein.

70. Plaintiff is the owner of valid and enforceable statutory trademark rights to the Mark.

71. Plaintiff is using its Mark in the same geographic areas as Defendant's use of the Infringing Mark.

72. Plaintiff is using its Mark to provide the same or similar services as Defendant provides under the Infringing Mark.

73. Plaintiff provides its services to the same or similar customers as those of Defendant.

74. Defendant is falsely designating the source of its services as though they originated from or are affiliated with Plaintiff.

75. Defendant is in competition with Plaintiff.

76. Defendant's unauthorized use of the Infringing Mark is likely to cause consumer confusion as to the source of Defendant's services.

77. Defendant's unauthorized use of the Infringing Mark has caused actual consumer confusion as to the source of Defendant's services.

78. One of Plaintiff's customers asked Plaintiff when it opened a shop in Oklahoma City, mistakenly believing that Defendant's operations and/or offices were those of Plaintiff.

79. This confusion is exacerbated by the similarity of Defendant's Website to Plaintiff's Website, including the use of identical testimonials.

80. As a result of Defendant's unauthorized use of the Infringing Mark, consumers are mistakenly believing that Defendant's services originated from or are affiliated with or are sponsored by Plaintiff.

81. The Infringing Mark is confusingly similar to Plaintiff's Mark.

82. Defendant's use of the Infringing Mark constitutes infringement of a federally registered mark in violation of 15 U.S.C §1114.

83. Defendant's use of the Infringing Mark or a confusingly similar variation of Plaintiff's Mark, is taking Plaintiff's reputation out of its control.

84. Plaintiff has no adequate remedy at law concerning the confusion created by Defendant's use of the Infringing Mark or confusingly similar variations of Plaintiff's Mark.

85. Plaintiff is entitled to an injunction to prevent Defendant from using the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

86.  Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendant while using the Infringing Mark, lost sales, costs of the action, and other damages as may be determined at trial.

87.  Through Mr. Jackson's previous employment for Plaintiff, Defendant knew of Plaintiff's use and rights to the Mark when it adopted the Infringing Mark.

88.  Defendant has copied Plaintiff's Mark and/or to make the Infringing Mark substantially identical to Plaintiff's Mark.

89.  Defendant has designed Defendant's Website to be substantially similar to Plaintiff's Website in order to further confusion consumers.

90.  Defendant's actions are willful and with knowledge of Plaintiff' rights.

91.  Defendant's actions have resulted in actual consumer confusion.

92.  This is an exceptional case entitling Plaintiff to treble damages and attorney fees.

## SECOND CAUSE OF ACTION
### False Designation of Origin and Unfair Competition
### (15 U.S.C. §1125(a))

93.  To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-89 as if fully repeated herein.

94.  Plaintiff is the owner of valid and enforceable common law rights in the Mark.

95.  Defendant's use of the Infringing Mark or any other confusingly similar variation of Plaintiff's Mark is likely to cause consumer confusion.

96.  Defendant's use of the Infringing Mark or any other confusingly similar variation of Plaintiff's Mark has caused consumer confusion.

97.  Defendant's use of the Infringing Mark constitutes false designation of origin and unfair competition.

98.    Plaintiff is entitled to an injunction preventing Defendants' use of the Infringing Mark or any other mark that is confusingly similar to Plaintiff's Mark.

99.    Plaintiff is entitled to damages which include, but are not limited to, the profits of Defendant while using the Infringing Mark, lost sales, costs of the action, and other damages as may be determined at trial.

100.    Defendant's use of the Infringing Mark is a willful violation of Plaintiff's rights.

101.    This is an exceptional case of willful infringement.

### THIRD CAUSE OF ACTION
### Violation of the SC Unfair Trade Practices Act
### (SC Code Ann § 39-5-10 et seq.)

102.    To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-98 as if fully repeated herein.

103.    Defendant's actions are deceptive in that they are likely cause consumer confusion regarding the source of Defendant's services.

104.    Defendant's actions are deceptive in that they have caused consumers to mistakenly believe that Defendant's services are being provided by Plaintiff or that Defendant is affiliated, endorsed or sponsored by Plaintiff.

105.    Defendant's actions are deceptive in that they divert consumers looking for Plaintiff to Defendant.

106.    Defendant's actions are capable of repetition and to otherwise adversely affect the public interest.

107.    Defendant's actions have continued despite Plaintiff's demands that Defendant cease using the Infringing Mark.

108.    Defendant's actions, as described herein, are in violation of S.C. Code Ann. § 39-5-20(a).

109.  Defendant's actions have been committed with the intent, purpose and effect of procuring an unfair competitive advantage over Plaintiff.

110.  Defendant's actions have caused and are causing damages to Plaintiff.

111.  Defendant's actions are causing Plaintiff irreparable harm by taking Plaintiff's reputation out of its control.

112.  Defendant's actions were and continue to be a willful and knowing violation of S.C. Code Ann. § 39-5-20.

113.  Plaintiff is entitled to an injunction against Defendant prohibiting Defendant from engaging in unfair and deceptive trade practices as well as treble damages plus attorney fees.

## FOURTH CAUSE OF ACTION
### (Copyright Infringement)

114.  To the extent not inconsistent with the below allegations, Plaintiff realleges the allegations contained in paragraphs 1-110 as if fully repeated herein.

115.  Plaintiff is the author of Plaintiff's Website including the associated source code, object code, graphics and literature.

116.  Plaintiff is the owner of valid copyrights to Plaintiff's Website.

117.  Plaintiff has filed an application for the registration of Plaintiff's copyrights in Plaintiff's Website with the U.S. Copyright Office.

118.  That application is currently pending in the U.S. Copyright Office.

119.  Defendant has had access to Plaintiff's Website.

120.  Defendant continues to have access to Plaintiff's Website.

121.  Defendant has copied, publicly displayed and prepared derivative works based upon Plaintiff's Website in violation of 17 U.S.C. § 501.

122.  Defendant's Website is substantially similar to Plaintiff's Website.

123.   One or more pages of Defendant's Website are substantially similar to one or more pages of Plaintiff's Website.

124.   Defendant's Website has reproduced substantial portions of Plaintiff's Website.

125.   Defendant's Website constitutes a copy of Plaintiff's Website.

126.   Defendant's Website constitutes a derivative work of Plaintiff's Website.

127.   Unless Defendant is enjoined from further violation of Plaintiff's copyrights, it will irreparably harm or destroy the intellectual property of the Plaintiff.

128.   Defendant's actions were willful and with knowledge of Plaintiff's rights.

129.   Plaintiff is entitled to the actual damages caused by Defendant's infringement of Plaintiff's copyrights.

**WHEREFORE,** Plaintiff hereby requests a jury determination of the issues raised and prays that this Court and/or the trier of fact award the following relief:

A.   A determination that Defendant has infringed Plaintiff's statutory service mark rights;

B.   A determination that Defendant's actions constitute false advertising and unfair competition;

C.   A determination that Defendant's actions violate 15 U.S.C. § 1114 and 1125(a);

D.   A determination that Defendant's actions violate the South Carolina Unfair Trade Practices Act;

E.   A determination that Defendant's acts were committed willfully;

F.   A determination that this is an exceptional case;

G.   A determination that Defendant has willfully infringed Plaintiff's copyrights in Plaintiff's Website.

H.  A temporary and permanent injunction against Defendant to enjoin Defendant and its officers, agents, licensees, and franchisee, and directors from providing test preparation services and/or any related services in association with any trademark that contains or is confusingly similar to NIC;

I.  A temporary and permanent injunction against Defendant to enjoin Defendant and its officers, agents, licensees, and franchisee, and directors from unfairly competing against Plaintiff.

J.  An award of damages, including Defendant's profits, Plaintiff's lost sales, the costs of the action and attorneys' fees pursuant to 15 U.S.C. § 1117, 17 U.S.C §§ 504 and S.C. Code § 39-5-140, the amount of which is to be determined at trial; and,

K.  For such other relief as this Court deems just and proper.

Respectfully submitted,

McNAIR LAW FIRM, P. A.

s/Hunter S. Freeman
Hunter S. Freeman (Fed ID #9313)
Douglas W. Kim (Fed. ID $9004)
P.O. Box 447
Greenville, SC 29602
Telephone:  864-271-4940
Date: April 13, 2015          Fax: 864-271-4015
Email:  hfreeman@mcnair.net
*Attorneys for Plaintiff*